UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re AIG ERISA Litigation

This Document Relates To:
    All Actions

Master File No.: 04-CV-9387 (JES) (AJP)

## SECOND CORRECTED (PROPOSED) ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), set forth in Plaintiffs' Consolidated Amended Class Action Complaint dated September 26, 2005, with respect to the AIG Incentive Savings Plan, the American General Employees' Thrift and Incentive Plan, the American General Agents' and Managers' Thrift Plan, and the CommoLoCo Thrift Plan (the "Plans").[1]

This matter came before the Court for a hearing pursuant to Fed. R. Civ. P. 23(e) and to the Order of this Court dated and entered July 3, 2008, on the application of the parties for approval of the Settlement set forth in the Settlement Agreement, executed on June 18, 2008, on <u>behalf</u> of the Parties. Due and adequate notice having been given to the Settlement Class as required in the ORDER, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

1. This Court has jurisdiction over the subject matter of this class action (the Action) and over all parties to the Action, including all members of the Settlement Class.

2. On July 3, 2008, this Court preliminarily certified a Class in this action, comprised of the following:

> All persons: (a) who were participants in or beneficiaries of the: (i) AIG Incentive Savings Plan at any time from September 30, 2000 through May 31, 2005; (ii) American General Employees' Thrift and Incentive Savings Plan at any time from August 29, 2001 through January 1, 2003; (iii) American General Agents' and Managers' Thrift Plan at any time from August 29, 2001 through May 31, 2005; or the (iv) CommoLoCo Thrift Plan at any time from August 29, 2001 through May 31, 2005; and (b) whose Plan accounts included direct or indirect investments in AIG stock and/or the AIG Stock Fund(s) (collectively, the "Settlement Class"). The Settlement Class shall not include any of the Individual Defendants (defined to include all Defendants other than AIG), or any of Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, who themselves were participants in the Plans, who shall be considered members of the Settlement Class with respect to their own Plan accounts.

3. On or about August 21, 2008, approximately 40,609 copies of the Class Notice were mailed to Settlement Class members.

4. On August 22, 2008, a copy of the Summary Notice was published in the national edition of *The Wall Street Journal*.

5. The Class Notice and the Summary Notice (collectively, the "Class Notices") fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses.

2

6. The Class Notices met the statutory requirements of notice in class actions under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, who could be identified through reasonable effort, and said Class Notices fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

7. The prerequisites of Rule 23(a) and (b) have been satisfied for the purpose of effectuating the Settlement as to the Settlement Class, and the Court finds that:

   a) The Settlement Class is so numerous that joinder of all members is impracticable;

   b) there are questions of law and fact common to the Settlement Class;

   c) Named Plaintiffs' claims are typical of the claims of the members of the Settlement Class; and

   d) Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in the implementation of this settlement

8. The questions of law or fact common to members of the Settlement Class arising in this settlement predominate over any questions affecting only individual members, arid this Settlement is superior to other available methods for the fair and efficient adjudication of the Settlement Class's claims against Defendants:

   a) the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying

       adjudication which would establish incompatible standards of conduct for Defendants;

    b)   the prosecution of separate actions by individual members of the Settlement Class would create the risk of adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests; and

    c)   Defendants acted or failed to act on grounds generally applicable to the Settlement Class as a whole.

9. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs and the Settlement Class members, and as against the Releasees. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10. The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Settlement Class, and that the Settlement Agreement, and the Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11. Upon the Effective Date hereof, the Named Plaintiffs, on behalf of themselves, the Plans and the Settlement Class, shall be deemed to have, and by operation of the judgment shall have, absolutely and unconditionally release and forever discharge the Releasees from the Released Claims.

12.     All members of the Settlement Class are hereby forever barred and enjoined from prosecuting the Released Claims against the Releasees.

13.     Upon the Effective Date hereof, each of the Defendants shall be deemed to have and by operation of this Judgment shall have, absolutely and unconditionally released and forever discharged the Named Plaintiffs, the Settlement Class, Plaintiffs' Counsel and their Representatives and Released Parties from any and all claims relating to, or in connection with the institution or prosecution of the Action or the Settlement of any Released Claim.

14.     The Plan of Allocation set forth in the Class Notice is approved as fair and reasonable, and Plaintiffs' Counsel is directed to arrange for the administration of the Settlement in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15.     Plaintiffs' Counsel appointed by this Court as members of the Provisional Committee in its Order dated August 3, 2005, hereby appointed class counsel pursuant to Fed R. Civ. P. 23(g).

16.     Plaintiffs' Counsel is hereby awarded attorneys' fees pursuant to Fed R. Civ. P. 23 (h), in the amount of $7,260,000 which the Court finds to be fair and reasonable, and $443,818 in reimbursement of Plaintiffs' Counsels' reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement, as provided in the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate the Settlement Fund earns. All Fees and

expenses paid to Plaintiffs' Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

17. Pursuant to the Settlement Agreement, the Plans and their trustee shall be awarded all of its reasonable fees and expenses for allocation pursuant to the Plan of Allocation, such fees and expense to be determined in the final distribution order.

18. Named Plaintiffs Margaret Amidei, Oscar Saleh, Grace C. Baxter, Linda S. Adams, Christopher Townley, and Terry Phillips are hereby awarded case contribution awards in the amount of $5,000 each.

19. In making the case contribution awards and the award of attorneys' fees and reimbursement of expenses, which are to be paid from the Settlement Fund, the Court has considered and found that:

   a) The Settlement achieved as a result of the efforts of Plaintiffs' Counsel has created a fund of $24.2 million in cash that is already on deposit, plus interest thereon, and will benefit thousands of Settlement Class Members;

   b) Copies of the Class Notice were disseminated to Settlement Class Members pursuant to the Court's July 3, 2008 Order and as attested to by the notice agent's submissions indicating that Plaintiffs' Counsel were moving for attorney's fees in the amount of up to 30 percent of the Settlement Fund and for reimbursement of expenses;

   c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement, with skill, perseverance, and diligence advocacy;

    d) The Action involved complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    e) Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Named Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

    f) The amount of the case contribution award and the attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

    g) Plaintiffs' Counsel has expended more than 18,900 hours, with a lodestar value of $7.757 million, to achieve the Settlement; and

    h) Named Plaintiffs rendered valuable service to the Plans and to all the Plans' participants and beneficiaries. Without their participation, there would have been no case and no settlement, and the Plans would not have recouped any of their losses.

20. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any Action or proceeding for any purposes, except: (a) in an action or proceeding arising under this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order; (b) in any action or proceeding where the Releases provided pursuant to this Settlement Agreement may serve as a bar to recover; or (c) for purposes of determining a remedy in the Securities or Derivatives Actions, or

in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the settlement and defense of this Action.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

22. The Court finds that during the course of the litigation, the Named Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. In the event that the Settlement does not become effective in accordance with the terms of the Settlement or in the even that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24. Final Judgment shall be entered herein.

SO ORDERED this 7th day of Oct 2008.

For Hon. John E. Sprizzo, U.S.D.J.  USDJ